UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

YVONNE BORG,

                      Plaintiff,

                                              CIVIL CASE NO. 07-12927

v.

SEARS ROEBUCK and CO.,                HONORABLE PAUL V. GADOLA
                                                             U.S. DISTRICT COURT
                      Defendant.
_____/

## **ORDER REMANDING CASE TO STATE COURT**

**I.    Background**

On December 21, 2006, Plaintiff Yvonne Borg filed suit against Defendant Sears Roebuck and Company in Circuit Court for the County of Oakland, in the State of Michigan. Defendant was served with the complaint and summons on January 2, 2007. Plaintiff's complaint requested damages "in whatever amount she is found to be entitled but not to exceed $75,000 together with reasonable attorney fees, interest and costs." Pl's Compl., pp. 3-5. These damages, it is alleged, resulted from water damage to Plaintiff's home due to a defectively installed washing machine. On January 11, 2007, Defendant filed an answer and affirmative defenses in addition to a demand for a jury trial.

After Defendant's motion to compel the deposition of Plaintiff Borg was granted, Plaintiff was deposed on June 15, 2007. At the deposition it was revealed that, in addition to the already enumerated damages associated with her claim, Plaintiff may also be seeking non-economic damages for certain medical conditions allegedly caused or exacerbated by Defendant's actions.

Plaintiff indicated at her deposition that she has suffered, or now suffers: nosebleeds, chills, severe muscle pain, shortness of breath, exacerbation of a preexisting mitochondrial disorder, bowel problems, intestinal problems, a recently discovered lesion on her pancreas, recently discovered tumors on her liver, and emotional distress.

Based upon the information learned at the June 15, 2007 deposition regarding Plaintiff's extensive list of medical conditions, Defendant concluded that although the Plaintiff's complaint seeks relief "not to exceed $75,000," the total damages actually sought by Plaintiff exceed $75,000. Defendant then sought a stipulation that the damages sought would not exceed $75,000 and indicated that absent the stipulation, Defendant would remove the case to federal court based upon diversity jurisdiction. Plaintiff declined to so stipulate and Defendant subsequently removed the cause of action on July 13, 2007.

On July 24, 2007, Plaintiff filed a motion to remand arguing that the removal was improper. Plaintiff set forth two grounds for her motion. First, Plaintiff argued that Defendant did not timely remove the action. *See* 28 U.S.C. § 1446(b). Second, Plaintiff argued that Defendant failed to demonstrate that the amount in controversy exceeds the $75,000 jurisdiction threshold for cases brought pursuant to diversity jurisdiction. *See* 28 U.S.C. § 1332(a).

Defendant filed a response to the motion arguing that the notice of removal was timely because it was filed within thirty days of the date upon which it was ascertained that the case was removable, in this case the June 15, 2007 deposition. Defendant also argued that the amount in controversy is in excess of $75,000 because of the non-economic damages related to Plaintiff's numerous health problems. Finally, Defendant argued that Plaintiff's motion to remand failed to

2

comply with the Eastern District of Michigan Local Rule 81.1.

Local Rule 81.1 sets forth several requirements when actions based upon diversity jurisdiction are removed from state court. In particular, the rule requires that a plaintiff moving to remand based upon a dispute in the amount in controversy must submit a signed statement of damages claimed, "itemizing all damages by category and amount, or, for those categories for which the plaintiff is unable to specify a precise amount, an estimate of the maximum amount and a detailed description of the factual basis for the estimate." E.D. Mich. LR 81.1(d). Because Plaintiff had not filed a statement in compliance with Rule 83.1(d), on September 6, 2007, the Court ordered Plaintiff to show cause why she had not filed such a statement.

Plaintiff filed a response to the order to show cause on September 13, 2007. Plaintiff's response listed various categories of damages that total $66,886.68. Plaintiff's listing of damages contained only two items that could be construed to possibly include the damages related to her extensive medical conditions: "Dr. Goburdhun [$]11,660.68," and "Six months loss of the normal use and enjoyment of the home, annoyance, inconvenience and *discomfort* (non-economic damages) estimated at $100/day [$]18,200." *See* docket entry #9, p. 2 (emphasis added).

After reviewing the statement of damages filed by Plaintiff, the Court was unable to ascertain the extent to which the Plaintiff's medical conditions were a subject of this suit and whether the total amount in controversy exceeded $75,000. Therefore, the Court conducted a hearing on the motion to remand.

Following an examination of the filings to date, the evidence presented, and the oral arguments presented by the parties at the hearing on this matter, the Court now addresses the two

issues relevant to Plaintiff's motion to remand: (1) whether the notice of removal was timely, and (2) whether the amount in controversy exceeds $75,000 for the purposes of diversity jurisdiction.

**II.     Timing of Removal**

Plaintiff argues that because the notice of removal was not filed within thirty days of the instigation of the case, Defendant's notice of removal was untimely. Plaintiff further argues that because Plaintiff knew that federal diversity jurisdiction may have existed and yet waited three months to depose Plaintiff in an attempt to confirm whether diversity jurisdiction actually exists, "Defendant was dilatory and should not be rewarded" by being allowed to invoke federal diversity jurisdiction at this time. Pl's Mot. to Remand, p. 4 [docket entry #6].

The Court finds Plaintiff's argument without merit. A defendant seeking to remove an action must file a notice of removal within thirty days after service of the complaint or, if the action was one that was not originally removable, within thirty days after it may first be ascertained that the case is one which is or has become removable. 28 U.S.C. § 1446(b). A plaintiff's responses to deposition questioning may constitute an "other paper" for purpose of determining when an action has become removable. *Peters v. Lincoln Elec. Co.*, 285 F.3d 456, 466 (6th Cir. 2002)("[I]f a defendant is able to ascertain for the first time from the plaintiff's deposition testimony that a case is removable, then a notice of removal is properly filed if it is filed within 30 days of that deposition.").

Plaintiff set forth a complaint expressly stating that relief was sought, not to exceed $75,000. It was only after Plaintiff's June 15, 2007 deposition, when Plaintiff described the numerous medical ailments she has suffered or now suffers, that Defendant could have been aware that the damages

4

sought by Plaintiff may be in excess of the $75,000 federal diversity jurisdiction threshold. Therefore, Defendant had thirty days from the June 15, 2007 deposition to file a timely notice of removal. *See Peters*, 285 F.3d at 466. Accordingly, because Defendant filed his notice of removal on July 13, 2007, within thirty days of the June 15, 2007 deposition, the Court finds that the notice of removal was timely. *See* 28 U.S.C. § 1446(b).

### III. Amount in Controversy

#### A. Legal Standard

Stated generally, a defendant may remove a case from state court to federal court if that case is one that could have been brought in federal court originally. 28 U.S.C. § 1441(a). In matters in which subject matter jurisdiction relies upon diversity jurisdiction pursuant to 28 U.S.C. § 1332, all plaintiffs must be diverse from all defendants and the amount in controversy must exceed $75,000. *See* 28 U.S.C. § 1332(a); *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 267-68 (1806); *Jerome-Duncan, Inc. v. Auto-By-Tel, LLC*, 176 F.3d 904, 907 (6th Cir. 1999).

A defendant seeking to remove a case to federal court bears the burden of establishing jurisdiction, and "[t]he notice of removal 'is to be strictly construed, with all doubts resolved against removal.'" *Durant v. Servicemaster Co.*, 147 F. Supp. 2d 744, 747-48 (E.D. Mich. 2001) (Gadola, J.) (citing *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir.1999) (quoting and citing *Her Majesty the Queen in Right of the Province of Ontario v. City of Detroit*, 874 F.2d 332, 339 (6th Cir. 1989))). "In cases removed to a federal court 'where the plaintiff seeks to recover some unspecified amount that is not self-evidently greater or less than the federal amount-in-controversy requirement,' the defendant who removes the case has the burden of proving by a preponderance of the evidence

5

that the amount in controversy more likely than not exceeds the jurisdictional amount." *Durant*, 147 F. Supp. 2d at 748 (emphasis added) (citing and quoting *Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 158 (6th Cir. 1993)). "The mere assertions of the parties will not defeat a remand for failure to satisfy the jurisdictional amount." *Durant*, 147 F. Supp. 2d at 748.

The Sixth Circuit has articulated the need for "competent proof" of jurisdictional allegations:

> [t]he authority which the statute vests in the court to enforce the limitations of its jurisdiction precludes the idea that jurisdiction may be maintained by mere averment or that the party asserting jurisdiction may be relieved of his burden by any formal procedure. If his allegations of jurisdictional facts are challenged by his adversary in an appropriate manner, he must support them by competent proof. And where they are not so challenged the court may still insist that the jurisdictional facts be established or the case be dismissed, and for that purpose the court may demand that the party alleging jurisdiction justify his allegations by a preponderance of the evidence.

*Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 160 (6th Cir. 1993) (emphasis added). However, the preponderance of the evidence standard "does not place upon the defendant the daunting burden of proving, to a legal certainty, that the plaintiff's damages are not less than the amount-in-controversy requirement." *Gafford*, 997 F.2d at 158.

### B. Analysis

Defendant has removed this case on the basis of diversity jurisdiction. *See* 28 U.S.C. § 1332. There is no dispute that the parties in this case are diverse; Plaintiff Borg is a citizen of the State of Michigan, while Defendant Sears Roebuck and Company is a corporation organized under the laws of the State of New York and has its principal place of business in the State of Illinois. However, there is a dispute as to the amount in controversy.

Plaintiff claims that the amount in controversy is controlled by the amount set forth in her

6

complaint, an amount less than $75,000. *See* Pl's Compl., pp. 3-5. Defendant argues that although Plaintiff's complaint indicates the amount in controversy is less than $75,000, Plaintiff's deposition indicates that the suit, when considering Plaintiff's numerous medical indications, is for an amount exceeding $75,000. Furthermore, Defendant argues that once the statutory award of attorney fees under the Michigan Consumer Protection Act is included in the amount in controversy, *see* MCL 445.911(2), the amount exceeds the $75,000 jurisdictional threshold.

Although Plaintiff's complaint normally controls when determining whether a federal court has jurisdiction, *see Mich. Sav. and Loan League v. Francis*, 683 F.2d 957, 960 (6th Cir. 1982)(citing *Gully v. First Nat'l Bank*, 299 U.S. 109 (1936)), under Michigan law, even when a complaint pleads damages "not to exceed $75,000," a Plaintiff is not limited as to the final award. *See* Michigan Court Rule 2.601(A)("[E]very final judgment may grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded that relief in his or her pleading."). Therefore, the Court explicitly recognizes that a plaintiff could purposely plead an amount expressly less than $75,000, but set forth a allegations in the complaint that would entitle the successful plaintiff to an amount significantly in excess of the federal diversity jurisdictional threshold. *See generally, Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868 (6th Cir. 2000). The Court need not find diversity jurisdiction however, merely because such a situation *may* occur. *Id.* at 871 (citing *Gafford*, 997 F.2d at 158). The removing Defendant must still present "competent proof" that the amount in controversy "more likely than not" exceeds $75,000. *Id.*; *Gafford*, 997 F.2d at 158,160.

In the present case, the complaint clearly sets forth an amount in controversy less than

7

$75,000. Based upon the numerous ailments described by Plaintiff at her deposition, some of which are very serious, it was not unreasonable for Plaintiff to believe that the amount in controversy may exceed $75,000. However, that belief was significantly undermined by Plaintiff's Rule 81.1 statement and her representations at the hearing on this matter. Each of those representations further clarified the amount sought in her complaint. In particular, Plaintiff clarified that the ailments described at the depositions were medical conditions that Plaintiff has suffered or now suffers from, but are not the subject of this suit because they cannot be connected to Defendant's actions. Plaintiff further clarified that the extent of damages sought related to these ailments is contained in the Rule 81.1 statement related to "Dr. Godburdhun" for 11,660.68 and in the "non-economic damages" line item. *See* docket entry #9, p. 2. Therefore, according to Plaintiff, the Rule 81.1 statement of damages, seeking $66,886.68, is a complete and accurate statement encompassing the total relief sought by Plaintiff in this suit.

Although Defendant correctly recognizes that under Michigan law a jury *could* award Plaintiff damages in excess of $75,000 even though Plaintiff pled otherwise in the complaint, *see* MCL 445.911(2), speculation or a "mere averment" that an award of damages may exceed $75,000 is not enough. *Gafford*, 997 F.2d at 160. As stated above, this Court requires competent proof. Defendant has offered no competent proof to contradict the representations by Plaintiff, such that the Court has any reason to find the amount in controversy as stated in Plaintiff's complaint, excluding attorney fees, is "more likely than not," an amount greater than $75,000. *Gafford*, 997 F.2d at 158,160.

Turning next to address Defendant's argument that when attorney fees are included in the

amount in controversy the amount exceeds the $75,000 jurisdictional threshold, the Court also finds Defendant's argument unpersuasive. Although "[i]t is settled that the statutory penalty and a statutory attorney's fee can be considered in determining whether the jurisdictional amount is met," *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1168 (6th Cir.1975), that is not a mandate, or even a grant of discretion, for a court to engage in mere speculation as to the amount of attorney fees that may be appropriate in any given circumstance. The burden remains on Defendant to demonstrate through competent proof, that the amount in controversy more likely than not exceeds $75,000, in order to sustain this Court's diversity jurisdiction. *Gafford*, 997 F.2d at 158, 160.

Under Michigan law, attorney fees must be considered in light of numerous factors. *See Crawley v Schick*, 211 N.W.2d 217, 222 (1973). Among other factors, the Court must consider the complexity of the case and the professional standing and experience of the attorneys. *See id*. In this case, Defendant has not presented any evidence to this Court regarding the ultimate complexity of the case, the standing and experience of the attorneys, or even the attorney fees incurred in this matter to date. Therefore, without more information, the Court has no basis to assess the what appropriate attorney fees in this case may be, assuming Plaintiff prevails. As a result, the Court is unable to conclude that the inclusion of attorney fees under MCL 445.911(2), alters this Court's conclusion that Defendant has failed to demonstrate that the amount in controversy "more likely than not" exceeds $75,000.

**IV.  Conclusion**

After reviewing the arguments and the available evidence, the Court finds that Defendant has not carried its burden of establishing this Court's jurisdiction in this matter. Defendant is

required to demonstrate by "competent proof" that the amount in controversy, at the time of removal, "more likely than not" exceeds $75,000. *Gafford*, 997 F.2d at 158, 160. For the reasons stated above, the Court finds that without greater specificity or documentation, Defendant has satisfied this burden. **ACCORDINGLY, IT IS HEREBY ORDERED** that Plaintiff's motion to remand [docket entry #6 ] is **GRANTED**.

**IT IS FURTHER ORDERED** that this cause of action, Case No. 07-12927 is **REMANDED** to the Circuit Court for the County of Wayne, State of Michigan, because this Court lacks jurisdiction.

**SO ORDERED.**

Dated:   November 30, 2007                                    s/Paul V. Gadola
                                                              HONORABLE PAUL V. GADOLA
                                                              UNITED STATES DISTRICT JUDGE

Certificate of Service

      I hereby certify that on   December 3, 2007  , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:
      Michael J. Blalock; Donnelly W. Hadden; Gregory M. Kopacz            , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:                                                                                          .

      s/Ruth A. Brissaud
      Ruth A. Brissaud, Case Manager
      (810) 341-7845